IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 5, 2008

## CEDRIC DOSS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 04-01213     Chris Craft, Judge**

_____

**No. W2007-01963-CCA-R3-PC  - Filed April 1, 2008**

_____

The Petitioner, Cedric Doss, appeals from the order of the Shelby County Criminal Court denying post-conviction relief.  On appeal, he asserts that the post-conviction court erred by denying his petition because the evidence presented below demonstrated that he did not receive the effective assistance of counsel prior to pleading guilty to especially aggravated robbery.  Following our review of the record and the parties' briefs, we affirm the post-conviction court's order denying relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JERRY L. SMITH, J., joined.

R. Andrew Hutchinson, Memphis, Tennessee, for the appellant, Cedric Doss.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; William L. Gibbons, District Attorney General; and Alanda Dwyer, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**
    The Petitioner was indicted in February 2004 for attempted first degree murder and especially aggravated robbery.[1]  Subsequently, he incurred additional charges in a separate indictment for burglary, unspecified drug offenses and more than one count of failure to appear.  Pursuant to a plea

---

[1] The record on appeal is sparse.  All information regarding the Petitioner's convictions and sentences is gleaned from the technical record—which includes only the Petitioner's original petition, an amended petition, the order denying relief, and a notice of appeal.  The only other component of the record is a transcript of the evidentiary hearing held in the post-conviction court, which this Court allowed to be late-filed.  No transcript of the Petitioner's guilty plea submission hearing is included in the record.  As a result, the record contains very little information about the crime for which the Petitioner was convicted.

agreement, he pled guilty to especially aggravated robbery and was sentenced as an especially mitigated offender to thirteen and one-half years in the Department of Correction. He also received concurrent sentences of eleven months and twenty-nine days for the drug offenses (which had been reduced to misdemeanors) and one count of failure to appear. The remaining charges were dismissed.

He filed a pro se petition for post-conviction relief, and after counsel was appointed, an amended petition was filed. The post-conviction court held an evidentiary hearing during which the Petitioner and his trial counsel were the only witnesses.

At the hearing, the Petitioner testified that he met with trial counsel "approximately" three times. The Petitioner explained that after he was arrested, he made an inculpatory statement to authorities, so the "main thing" he discussed with trial counsel was getting his statement suppressed because it was coerced. Specifically, the Petitioner testified that he gave the statement because the person responsible for the crimes, Marlando Bates, had threatened to harm or kill the Petitioner's daughter if he did not "take the charges." The Petitioner conveyed this circumstance to trial counsel, but trial counsel told him that those were not grounds on which the statement could be suppressed.

If his statement had been suppressed, the Petitioner contended, he would have gone to trial on his charges rather than entering a guilty plea. The Petitioner testified that he understood his plea agreement, including the fact that his sentence would be served at 100%, but he thought that he could have received a better offer from the district attorney's office had his statement been suppressed. However, according to the Petitioner, trial counsel did not take any action to have his statement suppressed.

On cross-examination, the Petitioner further explained that he was only able to provide details of the crime (such as the type of gun with which the victim was shot) in his statement to the police because this information was "already on the computer." The Petitioner further averred that his statement was coerced because the police detectives who took his statement "kicked his chair," yelled at him, and threatened to take his daughter away in order to get him to confess. The Petitioner did not tell trial counsel about the alleged police misconduct.

The Petitioner agreed that he had testified at his guilty plea submission hearing that he was satisfied with trial counsel's representation.

Trial counsel testified at the post-conviction evidentiary hearing that the Petitioner had told him about the threats made against his daughter by Marlando Bates, and trial counsel stated that he believed the Petitioner was being truthful about these threats. However, trial counsel said that there were no grounds to support a motion to suppress, explaining as follows:

> There were no grounds for the [m]otion to suppress. I asked him about the—how he was treated in the interrogation room. He gave me no indications of threats or coercion by the police themselves. And also, you know, the fact—the fact

of the matter is, he was looking at significantly more time and the risk reward analysis was pretty simple. The absolute minimum on the especially aggravated robbery versus [the victim] getting shot four times running away from people trying to rob him, if he were convicted, there's no doubt they were going to max him out. And if the state went forward with the failures to appear [it] would [have been] almost impossible to defend. The drug conviction looked strong—the drug indictment looked strong. There had been another E [f]elony and the burglary of a building had weaknesses. But if he's convicted on all of it, I mean, obviously he may never get out of jail again. So that was all discussed. He understood that. And it was, like I said, a risk reward analysis.

Trial counsel further testified that he had discussed these various possibilities with the Petitioner and that the Petitioner understood everything. The Petitioner never told trial counsel that the police had coerced his confession. Trial counsel agreed that if he had secured a motion to suppress hearing regarding the Petitioner's statement, the Petitioner would have had an opportunity to testify about how his statement was coerced. However, trial counsel knew that the State would have withdrawn the thirteen and one-half year offer if he pursued a motion to suppress.

Trial counsel testified that he had petitioned the trial court for funds and then hired an investigator, but trial counsel said that he could not remember whether the investigator had actually made inquiries regarding the Marlando Bates matter.

Subsequent to the hearing, the post-conviction court entered a written order dismissing the petition, ruling as follows:

This court finds [trial counsel's] testimony very credible, and the [P]etitioner's testimony not credible. Even had the [P]etitioner been telling the truth about the police threats, his attorney cannot be blamed for failing to act on information that only the [P]etitioner knew but admittedly withheld from his attorney. The Strickland standard for ineffective assistance has been modified for guilty pleas so that [a] petitioner "must show that there is a reasonable probability that, but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). As counsel has committed no error, the [P]etitioner is not entitled to relief.

## ANALYSIS

On appeal, the Petitioner argues that trial counsel's performance was inadequate because he failed to fully investigate whether the Petitioner's statement was coerced. The Petitioner's brief indicates generally that if these matters had been investigated more thoroughly, he would not have pled guilty. The Petitioner also contends that the weight of the evidence supports a finding of ineffective assistance of counsel.

Initially, we must address the State's argument that this appeal should be dismissed because the Petitioner failed to supply this Court with an adequate appellate record. Had defense counsel not made a tardy request to supplement the record with a transcript of the post-conviction evidentiary hearing (which this Court granted), we would have to agree, but with that transcript in the record, we conclude that a sufficient review is possible. We will review the issue on its merits.

The Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases. Strickland v. Washington, 466 U.S. 668, 687 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

A lawyer's assistance to his or her client is ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. This overall standard is comprised of two components: deficient performance by the defendant's lawyer and actual prejudice to the defense caused by the deficient performance. Id. at 687; Burns, 6 S.W.3d at 461. The defendant bears the burden of establishing both of these components by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); Burns, 6 S.W.3d at 461. The defendant's failure to prove either deficiency or prejudice is a sufficient basis upon which to deny relief on an ineffective assistance of counsel claim. Burns, 6 S.W.3d at 461; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

This two-part standard of measuring ineffective assistance of counsel also applies to claims arising out of a guilty plea. Hill v. Lockhart, 474 U.S. 52, 58 (1985). The prejudice component is modified such that the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

In evaluating a lawyer's performance, the reviewing court uses an objective standard of "reasonableness." Strickland, 466 U.S. at 688; Burns, 6 S.W.3d at 462. The reviewing court must be highly deferential to counsel's choices "and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Burns, 6 S.W.3d at 462; see also Strickland, 466 U.S. at 689. The court should not use the benefit of hindsight to second-guess trial strategy or to criticize counsel's tactics, see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel's alleged errors should be judged in light of all the facts and circumstances as of the time they were made, see Strickland, 466 U.S. at 690; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). This Court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo

-4-

standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. Id. "However, a trial court's conclusions of law—such as whether counsel's performance was deficient or whether that deficiency was prejudicial—are reviewed under a purely de novo standard, with no presumption of correctness given to the trial court's conclusions." Id. (emphasis in original).

We agree that the Petitioner did not demonstrate that trial counsel's performance was deficient. Bare assertions that the Petitioner would not have pled guilty if trial counsel had more thoroughly investigated his allegations that his confession was coerced are not persuasive. The post-conviction court accredited the testimony of trial counsel, who explained that there were no viable grounds upon which the Petitioner's inculpating statement could have been suppressed. Trial counsel knew that if a motion to suppress were filed, the favorable plea agreement offer would be withdrawn. Further, trial counsel informed that arguing to a jury that the Petitioner's statement was coerced by the actual perpetrator of the crime would have been risky—considering that a conviction on the principle charge would have resulted in a much longer sentence. Accordingly, we agree with the post-conviction court's conclusion that trial counsel did not perform deficiently in counseling the Petitioner to accept the State's plea offer of thirteen and one-half years. The Petitioner has not demonstrated that he received the ineffective assistance of counsel.

**Conclusion**

Based on the foregoing authorities and reasoning, we affirm the post-conviction court's order denying post-conviction relief.

_____
DAVID H. WELLES, JUDGE